■ DOMESTIC FINANCE CORPORATION, Respondent, v. HAROLD J. AHEARN et al., Appellants.— Appeal from an order of the Supreme Court at Special Term entered in Rensselaer County, granting summary judgment and from

the judgment entered pursuant to said order. The complaint contains the allegations essential to an action on a promissory note. In addition and concededly in anticipation of the defense that each defendant had been adjudicated bankrupt, the complaint alleges facts to show that the proceeds of the note had been obtained by false representations within the meaning of the Bankruptcy Act (§ 17, subd. [a], par. [2]; U. S. Code, tit. 11, § 35.), with the result that the debt would not be discharged in bankruptcy. The representations alleged related to a credit statement made by defendants and the essential elements of fraud are pleaded. The statement showed defendants' liabilities as aggregating $2,129.04. On the motion, plaintiff proved that the bankruptcy schedules, supporting the adjudication made more than 10 months after the transaction with plaintiff, showed total indebtedness of $5,046.27. A number of items are undated and it is not shown that more than approximately $2,900 of the scheduled indebtedness existed at the time the credit statement was furnished. On the other hand, the answering affidavit does not state which, if any, of the items were subsequently incurred. Nevertheless, if the actual liabilities were $2,900 rather than approximately $2,100 as shown by the credit statement a question of fact would arise as to the materiality of the representations. We consider that additional questions of fact exist as to defendants' intent to defraud and as to plaintiff's reliance upon the representations. As to these, the answering affidavit states that, when defendant Ethyl Ahearn was making the credit statement, plaintiff's employees told her it was not necessary to put down exact amounts but " just give them an idea ", and that the " statement didn't mean anything ", that its only purpose was " to comply with the law " and " that when she started to give thought to her obligations she was told not to take too much time in doing it, rather just list some of the debts that she had." It may be that the factual issues thus suggested are not over-impressive but they seem to us of sufficient substance to require a trial. In view of these conclusions, we do not pass upon appellants' contention that the effect of plaintiff's pleading fraud, in addition to the allegations necessary to an action upon the note, is to render improper an application for summary judgment under rule 113 of the Rules of Civil Practice. Judgment and order reversed, on the law and the facts, and motion for summary judgment denied, with $10 costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.